**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Montgomery, | No. CV-25-00837-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| State 48 Brewery LLC, et al., | |
| Defendants. | |

Before the Court is Defendant Mario Rana's Motion to Vacate Clerk's Entry of Default (Doc. 13).  Plaintiff failed to file a response.  For the reasons set forth below, the Motion is granted.

## I.    Background

Plaintiff filed this lawsuit on March 12, 2025 against Defendants State 48 Brewery, LLC ("State 48") and married couple Mario Rana and Angela Rana for unpaid overtime wages under the Federal Labor Standards Act, unpaid wages under the Arizona Wage Act, and unpaid sick time under A.R.S. § 23-371 et seq.  (Doc. 1).  Plaintiff alleges he was employed by State 48, a restaurant and bar, as a cook (*id.* 7, 9), Defendant Angela Rana is a member of State 48 (*id.* 10), and Defendant Mario Rana is a manager of State 48 (*id.* 11).

Service on all Defendants was executed on April 10, 2025.  (Doc. 7-9).  All Defendants failed to appear, plead, or otherwise defend the action as prescribed under Fed. R. Civ. P. 12(a)(1)(A)(i).  Consequently, Plaintiff applied for entry of default (Doc. 11), and the Clerk entered default against Defendants on May 7, 2025 (Doc. 7).  On May 9,

2025, Defendant Mario Rana filed this Motion to Vacate Clerk's Entry of Default (Doc. 13).

The motion states:

> I did receive the notice of the lawsuit from [Plaintiff's counsel] on April 1st notifying me that I had 21 days to answer the complaint. I put together my proof of payroll and relevant dates and I sent my answer to [Plaintiff's counsel] in an email on April 15th, on that day I also sent a certified letter to [Plaintiff's counsel] and to the home address of [Plaintiff]. I received an answer back from [Plaintiff's counsel] on April 15th acknowledging receipt of my letter and also acknowledging the fact that I did not have legal counsel. It has now been aware to me, by the court, that I also needed to submit my answer to the court, which I am attaching. I am fully prepared to submit all relevant evidence and proof to defend this complaint.

(Doc. 7 at 1). Attached to the motion, what Defendant Mario Rana purports to be his "answer," is an email to Plaintiff's counsel from Defendant Angela Rana containing numerous allegations against Plaintiff and stating "I will be filing with the courts and prepared for any continued action you bring forward, this email is simply because I feel you, as an attorney, has [sic] not been presented with any back up proof of these claims and should be made aware." (Doc. 7 at 2).

## II.    Legal Standard

Fed. R. Civ. P. 55(c) provides a court may set aside an entry of default for "good cause." The Ninth Circuit's good cause analysis considers three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether that party had a meritorious defense; and (3) whether reopening the default would prejudice the other party. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004); *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

- 2 -

However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Further, the Ninth Circuit's "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091 (internal citations omitted).

### III.    Analysis

#### A. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092 (quoting *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 695–98 (9th Cir. 2001) (emphasis in original). An "intentional" failure to answer "means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092 (quoting *TCI Group,* 244 F.3d at 697). Conduct is capable under the good cause factors "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* (quoting *TCI Group,* 244 F.3d at 698). "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable[.]" *Id.* (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd.,* 507 U.S. 380, 388, 394–95 (1993)).

In *Signed Pers. Check No. 730 of Yubran S. Mesle*, the Ninth Circuit reversed a district court's determination that a defaulted defendant's failure to answer was culpable conduct because "the facts demonstrate that Mesle was ignorant of the law and unable to understand correctly his legal obligations by reading and synthesizing the information on two sets of documents received months apart—not an unusual occurrence in the case of a layman acting without the help of a lawyer." 615 F.3d at 1093. The circumstances here

are similar in that Defendants Angela and Mario Rana are not represented by counsel and the email sent from Angela Rana to Plaintiff's counsel evinces an intent to participate in, and defend, the matter. Accordingly, the Ranas' failure to file an answer with the Court in a timely manner cannot be characterized as an intentional act "to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *See Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092.

### B. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1094 (quoting *TCI Group,* 244 F.3d at 700). To satisfy this requirement, a defendant simply must "allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." *Id.* (quoting *TCI Group,* 244 F.3d at 700). Instead, the question would be the subject of later litigation. *Id.*

In the attached email, Angela Rana alleged sufficient facts to constitute a possible defense to the lawsuit against her. She alleged, among other things: (1) "When [Plaintiff] was an hourly employee he as paid straight time and time and a half for every hour over 40 hours;" (2) "[Plaintiff] received sick pay when he was out sick;" and (3) "[Plaintiff] consistently took time off, at will, without notice or regards to his job or coworkers." (Doc. 7 at 2). In other words, Angela Rana refuted Plaintiff's allegations of unpaid wages and asserted her own affirmative defenses. Even if not artfully plead, Defendants Angela and Mario Rana have satisfied their burden to allege a meritorious defense.

### C. Prejudice

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1095 (quoting *TCI Group,* 244 F.3d at 701). Because Plaintiff failed to the respond to the Motion, there is no evidence that setting aside the default would prejudice

him. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk,* 739 F.2d at 463 (9th Cir. 1984).

## IV.    Conclusion

Having considered the factors, the Court finds good cause supports setting aside the default against Defendants Mario and Angela Rana, but not against State 48. As Plaintiff's counsel counseled Defendant Angela Rana in his April 15, 2025 email to her (Doc. 7 at 3), Defendant State 48 must be represented by legal counsel and cannot appear pro se. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."). The Court encourages Defendants seek legal representation, not only to comply with federal law as to Defendant State 48, but also to provide a competent defense that adequately represents Defendants' interests in accordance with the Court's orders, procedures, and laws. Again, it is advisable that Mario and Angela Rana obtain counsel.[1] Further, because counsel is required for State 48, the motion to vacate the entry of default filed by the Ranas on State 48's behalf cannot be granted as to the company. Therefore, Mario and Angela Rana shall file a responsive pleading to the Complaint within 30 days of this Order. Failure to comply with the Court's orders will result in reinstatement of default.

Accordingly,

**IT IS ORDERED** Defendant Mario Rana's Motion to Vacate Clerk's Entry of Default (Doc. 13) is **GRANTED**. The Clerk of Court is directed to **VACATE** the entry of default against Defendants Angela Rana and Mario Rana only.

…

…

…

…

…

---

[1]   Defendants Mario and Angela Rana are at risk of contempt citations and judgment awarded against them if they violate the law, procedures, and orders of the Court.

**IT IS FURTHER ORDERED** Defendants shall file a responsive pleading to the Complaint within 30 days of this Order.

Dated this 6th day of June, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge